Tab A

Date Filed 12/16/2024 2:34 PM
Superior Court - Worcester
Docket Number
$275

E-FILED

1%

## COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| WORCESTER, SS. | SUPERIOR COURT DEPARTMENT<br>CIVIL ACTION NO.: 2485CV01515D |

```
*****************************
                              *
FABRICIANA M. DE SORIANO      *
      Plaintiff,              *
                              *
vs.                           *
                              *
THE FAY SCHOOL, INC.          *
      Defendant.              *
                              *
*****************************
```

### COMPLAINT and JURY DEMAND

#### Parties, Jurisdiction, and Venue

1. The Plaintiff, Fabriciana M. De Soriano (hereinafter referred to as "Plaintiff" and/or "Miss De Soriano"), is an adult individual, residing at 769 Arnow Avenue, Bronx, New York.

2. The Defendant, The Fay School, Inc. (hereinafter referred to as "Defendant" and/or "The Fay School"), is a Massachusetts corporation which operates as a day and boarding school and which has a principle place of business at 48 Main Street, Southborough, Massachusetts.

3. This Court has personal and subject matter jurisdiction over this Complaint, as the subject incidents occurred within Worcester County and the amount in controversy, exclusive of interest and costs, is sufficient to establish the jurisdiction of this Court.

4. Venue is proper in this Court as the actions which gave rise to this Complaint occurred in Worcester County.

#### Factual Background

5. The Plaintiff hereby repeats, re-alleges, and incorporates by reference paragraphs 1 through 4 of the within Complaint as fully and specifically as if set forth in their entirety herein.

6. The Plaintiff, Miss De Soriano, was born on September 27, 2004. Miss De Soriano is the child of Ernesto De Soriano ("father") and Meredith Murphy ("mother")(collectively referred to as Miss De Soriano's "parents").

7. In or around March 2018, Miss De Soriano, an academically gifted and decorated student, enrolled as an 8th Grade boarding student for the 2018-2019 school year at the Defendant Fay

School and moved into the "Top Floor" girls' dormitory as a full-time boarding student in or around August 2018.

8. Beginning in or around August 2018, upon Miss De Soriano's arrival at The Fay School and while living in the Top Floor dormitory on The Fay School's campus, she began suffering repeated sexual assaults, sexual abuse, and sexual harassment, perpetrated by a fellow 8th Grade dormmate at The Fay School, Caroline Daub ("Miss Daub"), which continued for the tenure of her time living at The Fay School, which concluded in or around April 2019.

9. The sexual assaults, abuse, and harassment suffered by Miss De Soriano during her time at The Fay School included, but were not limited to, Miss Daub approaching her from behind and forcefully gyrating her hips against her buttocks, grabbing her shoulders and violently forcing her knee into Miss De Soriano's rectum, and slapping Miss De Soriano's buttocks and genitals. The sexual assaults, abuse, and harassment were frequent and unabated, despite Miss De Soriano's pleas for Miss Daub to stop and her cries to Fay School authorities to intervene.

10. In addition to the physical sexual assaults, abuse, and harassment, Miss De Soriano was also the victim of frequent "room raids," beginning in or around August 2018 while at The Fay School, and extending through the tenure of her living at the school, pursuant to which, Miss Daub would enter Miss De Soriano's single room, unannounced and without permission, repeatedly waking her in the early morning hours of midnight to 3AM, making sexually explicit drawings and writings on her dorm wall, and verbally sexually harassing and abusing Miss De Soriano. Again, these sexual assaults, abuse, and harassment were frequent and unabated, despite Miss De Soriano's pleas for Miss Daub to stop and her cries to Fay School authorities to intervene.

11. These acts of sexual assault, abuse, and harassment were reported to multiple employees in positions of supervisory authority at The Fay School, including, but not limited to, the Head of School, Robert Gustavson, by Miss De Soriano individually, and by and through her parents, Ernesto and Meredith, on multiple occasions, beginning in September 2018 and continuing through March 2019. The reports were both written and verbal in nature.

12. The Fay School, by and through its employees in positions of supervisory authority, consciously disregarded the multiple reports of sexual assault, abuse, and harassment and knowingly allowed the same to continue unabated, for the remaining tenure of Miss De Soriano's time as a student at The Fay School.

13. Moreover, The Fay School demonstrably contributed to the sexual assaults and abuse suffered by Miss De Soriano while at the school, as Miss De Soriano was consistently peppered with a litany of sexually-inappropriate materials placed around the dormitory by Fay School officials, such as signs stating "You Sexy Beast" and "Hey Hot Stuff" – again, where 8th graders resided, during her time living in the Top Floor girls dorm.

14. The Fay School further exploited and exposed Miss De Soriano, physically, during her tenure as a student at The Fay School, pursuant to which school authority figures would coerce her to "hug eight (8) people" as a required "chore"—on multiple occasions from September 2018 through March 2019—despite her repeatedly expressing her discomfort regarding the same.

15. On or around March 25, 2019—after a number of reports to the Fay School went completely and knowingly disregarded—Ernesto De Soriano emailed Head of School Robert Gustavson directly, pursuant to which, he again provided detailed and demonstrative information and examples of the ongoing, unrelenting, sexual assaults, abuse, and harassment that his daughter was suffering while at The Fay School, and pursuant to which, that Miss De Soriano received emergency medical and psychiatric treatment regarding the same, and would continue to require the care of specialists, given her damages.

16. Medical documentation regarding Miss De Soriano's required emergency medical and psychiatric treatment for the sexual assault and abuse she endured while at The Fay School was also shared with Robert Gustavson on or about March 25, 2019. Once again, The Fay School disregarded the complaints, failed to acknowledge Miss De Soriano's severe resulting damages, and took no action to stop the sexual assaults and abuse of Miss De Soriano while she was a student at The Fay School, which continued to go on unabated at that time.

17. The Fay School never made any offer to interview Miss De Soriano about her allegations, no independent investigation outside of The Fay School was engaged, and her detailed and demonstrative reports of the sexual assaults and abuse she suffered under the supervision of the Fay School and while on their grounds, were consciously and completely disregarded.

<u>**COUNT I**</u>
<u>**Fabriciana M. De Soriano vs. The Fay School, Inc.**</u>
**MGL c. 260, § 4C-1/2**
*(Negligent Supervision and Conduct Which Caused and Contributed to the Sexual Abuse of a Minor)*

18. The Plaintiff hereby repeats, re-alleges, and incorporates by reference paragraphs 1 through 17 of the within Complaint as fully and specifically as if set forth in their entirety herein.

19. The Defendant, The Fay School, Inc., owed a duty of reasonable care in the supervision of its minor students and its conduct, including, but not limited to, the Plaintiff, Fabriciana M. De Soriano.

20. The Defendant, The Fay School, Inc., was negligent in its supervision and conduct and breached its duty of care owed to the Plaintiff, Fabriciana M. DeSoriano, which directly caused and contributed to the sexual abuse, sexual assaults, and sexual harassment she suffered while an 8th grade boarding student at the Defendant school.

21. As a direct and proximate result of the negligence of the Defendant, The Fay School, Inc., the Plaintiff, Fabriciana M. De Soriano, suffered and continues to suffer serious injuries and damages, has incurred and will continue to incur reasonable and necessary medical bills and expenses for the care and treatment of her injuries, has been and will continue to be restricted in her activities, and has suffered and will continue to suffer great pain of body and anguish of mind, to her great damage and detriment, and is otherwise injured.

***WHEREFORE***, the Plaintiff, Fabriciana M. De Soriano, demands judgment against the Defendant, The Fay School, Inc., in an amount determined by the trier of fact, plus interest and costs, and such other further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Fabriciana M. De Soriano, respectfully requests that this Honorable Court:

A. Award Plaintiff all damages, legal and equitable, including (without limitation) compensatory, consequential, equitable, exemplary, monetary, double, treble, statutory, and every other form of damages to which she may be entitled;

B. Award Plaintiff her attorney's fees, costs, and expenses;

C. Aware Plaintiff pre-judgment and post-judgment interest at the maximum rate permitted by law; and

D. Award such further and additional relief as may be available and warranted under the circumstances of this case.

***WHEREFORE***, the Plaintiff, Fabriciana M. De Soriano, demands judgment against the Defendant, The Fay School, Inc., in an amount determined by the trier of fact, plus interest and costs, and such other further relief as the Court deems just and proper.

## JURY CLAIM

**The Plaintiff, Fabriciana M. De Soriano, hereby demands a trial by jury on all counts averred herein.**

                                      Respectfully Submitted,
                                      Plaintiff,
                                      By Her Attorney,

                                      */s/ Alexander T. Asermely*
                                      _____
                                      Alexander T. Asermely, Esq.

                                                                                                            BBO#681786  
                                                                                                             Rubenstein Law  
                                                                                                             3 Allied Drive, Suite 108  
                                                                                                             Dedham, MA 02026  
                                                                                                             Tel: (617) 990-1489  
                                                                                                             aasermely@rubensteinlaw.com

DATED: December 16, 2024

| SUMMONS | CIVIL DOCKET NO. 2485CV01515 D | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| Case Name: Fabriciana M. Desoriano Plaintiff(s) Vs. The Fay School, Inc. Defendant(s) | | Dennis P. McManus — Clerk of Courts Worcester — County COURT NAME & ADDRESS: Worcester Superior Court 225 Main Street Worcester, MA 01608 11/28/25 A TRUE COPY ATTEST DEPUTY SHERIFF |

THIS SUMMONS IS DIRECED TO ___The Fay School, Inc.___ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the _____ Court.

### YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even I you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, ___Worcester Superior___ Court ___225 Main St., Worcester, MA 01608___ (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address: ___Attn: Alex Asarmaly, Esq., Rubenstein Law, 3 Allied Drive, Ste. 108, Dedham, MA 02026___

**3. What to include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you mut include those claims in your Answer. Otherwise, you may lose your right to sue the plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.